**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | |
| **James D. Gochie** | **RE:** <br> **776 Maplewood Road, West Newfield, ME 04095** |
| **Defendant** | **Mortgage:** <br> **November 15, 2006** <br> **Book 15018, Page 451** |

NOW COMES the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, James D. Gochie, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, in which the Defendant, James D. Gochie, is the obligor and the total amount owed under the terms of the Note is One Hundred Ninety-Four Thousand Eight Hundred Forty-Nine and 35/100 ($194,849.35) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 is a corporation with its principal place of business located at 401 Plymouth Road, Plymouth Meeting, PA 19462.

5. The Defendant, James D. Gochie, is a resident of West Newfield, County of York and State of Maine.

## FACTS

6. On August 12, 1982, by virtue of a Warranty Deed from Grace E. Gochie, which is recorded in the York County Registry of Deeds in **Book 2995, Page 81**, the property situated at 776 Maplewood Road, County of York, and State of Maine, was conveyed to the Defendant, James D. Gochie, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On November 15, 2006, the Defendant, James D. Gochie, executed and delivered to Ownit Mortgage Solutions, Inc. a certain Note in the amount of $95,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on November 15, 2006, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Ownit Mortgage Solutions, Inc., securing the property located at 776 Maplewood Road, West Newfield, ME 04095 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15018**, **Page 451**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Citibank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 by virtue of an Assignment of Mortgage dated May 12, 2011 and recorded in the York County Registry of Deeds in **Book 16109**, **Page 92**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Citibank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 by virtue of an Assignment of Mortgage dated October 22, 2011 and recorded in the York County Registry

of Deeds in **Book 16192**, **Page 332**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Nationstar Mortgage, LLC by virtue of an Assignment of Mortgage dated August 6, 2013 and recorded in the York County Registry of Deeds in **Book 16677**, **Page 197**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 by virtue of an Assignment of Mortgage dated February 20, 2015 and recorded in the York County Registry of Deeds in **Book 16976**, **Page 871**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 by virtue of an Assignment of Mortgage dated February 20, 2015 and recorded in the York County Registry of Deeds in **Book 16976**, **Page 872**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 by virtue of an Assignment of Mortgage dated March 17, 2016 and recorded in the York County Registry of Deeds in **Book 17203**, **Page 332**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 by virtue of an Assignment of Mortgage dated March 17, 2016 and recorded in the York County Registry of Deeds in **Book 17205**, **Page 164**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was further assigned to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 by virtue of a Quitclaim Assignment dated September 7, 2018 and recorded in the York County Registry of Deeds in **Book 17809**, **Page 859**. *See* Exhibit K (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

17. On September 19, 2019, the Defendant, James D. Gochie, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit L (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendant, James D. Gochie, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit L.

19. The Defendant, James D. Gochie, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is the present holder of the Note pursuant to endorsement by

the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. The total debt owed under the Note and Mortgage as of November 27, 2019 is One Hundred Ninety-Four Thousand Eight Hundred Forty-Nine and 35/100 ($194,849.35) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $94,178.18 |
| Interest | $70,430.03 |
| Late Fees | $57.04 |
| Escrow Advance | $26,527.34 |
| Lender Paid Expenses | $3,297.10 |
| Deferred Late Fees | $359.66 |
| Grand Total | $194,849.35 |

24. Upon information and belief, the Defendant, James D. Gochie, is presently in possession of the subject property originally secured by the Mortgage.

# COUNT I – FORECLOSURE

25. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure respecting a real estate related Mortgage and title located at 776 Maplewood Road, West Newfield, County of York, and State of Maine. *See* Exhibit A.

27. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, has the right to foreclosure upon the subject property.

28. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, James D. Gochie, is presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2009, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of November 27, 2019 is One Hundred Ninety-Four Thousand Eight Hundred Forty-Nine and 35/100 ($194,849.35) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $94,178.18 |
| Interest | $70,430.03 |
| Late Fees | $57.04 |
| Escrow Advance | $26,527.34 |
| Lender Paid Expenses | $3,297.10 |
| Deferred Late Fees | $359.66 |
| Grand Total | $194,849.35 |

31. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, James D. Gochie, on September 19, 2019, evidenced by the Certificate of Mailing. *See* Exhibit L.

34. The Defendant, James D. Gochie, is not in the Military as evidenced by the attached Exhibit M.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On November 15, 2006, the Defendant, James D. Gochie, executed and delivered to Ownit Mortgage Solutions, Inc. a certain Note in the amount of $95,000.00. *See* Exhibit B.

37. The Defendant, James D. Gochie, is in default for failure to properly tender the June 1, 2009 payment and all subsequent payments. *See* Exhibit L.

38. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James D. Gochie.

39. The Defendant, James D. Gochie, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant James D. Gochie's breach is knowing, willful, and continuing.

41. The Defendant James D. Gochie's breach has caused Plaintiff Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of November 27, 2019, if no payments are made, is One Hundred Ninety-Four Thousand Eight Hundred Forty-Nine and 35/100 ($194,849.35) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $94,178.18 |
| Interest | $70,430.03 |
| Late Fees | $57.04 |
| Escrow Advance | $26,527.34 |
| Lender Paid Expenses | $3,297.10 |
| Deferred Late Fees | $359.66 |
| Grand Total | $194,849.35 |

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendant, James D. Gochie, entered into a written contract with Ownit Mortgage Solutions, Inc. who agreed to loan the amount of $95,000.00 to the Defendant. *See* Exhibit B.

46. As part of this contract and transaction, the Defendant, James D. Gochie, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is the proper holder of the Note and successor-in-interest to Ownit Mortgage Solutions, Inc., and has performed its obligations under the Note and Mortgage.

48. The Defendant, James D. Gochie, breached the terms of the Note and Mortgage by failing to properly tender the June 1, 2009 payment and all subsequent payments. *See* Exhibit L.

49. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James D. Gochie.

50. The Defendant, James D. Gochie, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

51. The Defendant, James D. Gochie, is indebted to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 in the sum of One Hundred Ninety-Four Thousand Eight Hundred Forty-Nine and 35/100 ($194,849.35) Dollars, for money lent by the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, to the Defendant.

52. Defendant James D. Gochie's breach is knowing, willful, and continuing.

53. Defendant James D. Gochie's breach has caused Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of November 27, 2019, if no payments are made, is One Hundred Ninety-Four Thousand Eight Hundred Forty-Nine and 35/100 ($194,849.35) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $94,178.18 |
| Interest | $70,430.03 |
| Late Fees | $57.04 |
| Escrow Advance | $26,527.34 |
| Lender Paid Expenses | $3,297.10 |
| Deferred Late Fees | $359.66 |
| Grand Total | $194,849.35 |

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

56. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Ownit Mortgage Solutions, Inc., predecessor-in-interest to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, loaned Defendant, James D. Gochie, $95,000.00. *See* Exhibit B.

58. The Defendant, James D. Gochie, is in default for failure to properly tender the June 1, 2009 payment and all subsequent payments. *See* Exhibit L.

59. As a result of the Defendant James D. Gochie's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill

Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2.

60. As such, the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

61. The Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Ownit Mortgage Solutions, Inc., predecessor-in-interest to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, loaned the Defendant, James D. Gochie, $95,000.00. *See* Exhibit B.

63. The Defendant, James D. Gochie, has failed to repay the loan obligation.

64. As a result, the Defendant, James D. Gochie, has been unjustly enriched to the detriment of the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 as successor-in-interest to Ownit Mortgage Solutions, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, upon the expiration of the period of redemption;

c) Find that the Defendant, James D. Gochie, is in breach of the Note by failing to make payment due as of June 1, 2009, and all subsequent payments;

d) Find that the Defendant, James D. Gochie, is in breach of the Mortgage by failing to make payment due as of June 1, 2009, and all subsequent payments;

e) Find that the Defendant, James D. Gochie, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, James D. Gochie, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due June 1, 2009 and all subsequent payments;

g) Find that the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendant, James D. Gochie has been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, to restitution;

j)  Find that the Defendant, James D. Gochie, is liable to the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, for money had and received;

k)  Find that the Defendant, James D. Gochie, is liable to the Plaintiff for quantum meruit;

l)  Find that the Defendant, James D. Gochie, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, James D. Gochie, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, is entitled to restitution for this benefit from the Defendant, James D. Gochie;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, James D. Gochie, and in favor of the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2, in the amount of One Hundred Ninety-Four Thousand Eight Hundred Forty-Nine and 35/100 ($194,849.35 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Trust, National Association, as
Successor Trustee to Citibank, N.A., as
Trustee for Merrill Lynch Mortgage Investors
Trust, Mortgage Loan Asset-Backed
Certificates, Series 2007-HE2,
By its attorneys,

Dated: November 20, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com