UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 | CIVIL ACTION NO: 2:19-cv-00533-DBH |
| **Plaintiff** | PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT, JAMES D. GOCHIE |
| vs. | RE:<br>776 Maplewood Road, West Newfield, ME 04095 |
| James D. Gochie<br><br>**Defendant** | Mortgage:<br>November 15, 2006<br>Book 15018, Page 451 |

NOW COMES the Plaintiff, Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 (hereinafter "Wilmington Trust"), pursuant to Fed. R. Civ. P. 55(b), and hereby moves for Default Judgment, following service, as to James D. Gochie ("Defendant") since said Defendant has neither answered nor otherwise appeared in this matter. As grounds therefore, and as further detailed in the accompanying Memorandum in Support of Plaintiff's Motion for Default Judgment, Plaintiff states the following:

1. Plaintiff's Complaint was filed on November 20, 2019. Affidavit of Noelle Selden in Support of Motion for Default Judgment, ¶2.

2. Proof of Service for Defendant was filed on December 18, 2019. *Id.*, ¶3.

3. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant's response to the Complaint was due December 27, 2019. *Id.*, ¶4.

4. The Defendant is not in the military. *Id.*, ¶5.

5. On January 29, 2020, Plaintiff filed a Motion for Entry of Default as to Defendant. *Id.*, ¶6.

6. On January 29, 2020, this Court entered Default as to Defendant, James D. Gochie. *Id.*, ¶7.

7. Entry of default judgment against Party pursuant to Fed. R. Civ. P 55(b) is proper because Defendant, James D. Gochie, has failed to plead or otherwise defend.

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

This is an action of Foreclosure, Breach of Note, Breach of Contract, Money Had and Received, Quantum Meruit, and Unjust Enrichment where Plaintiff is moving for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(b), as to Defendant, James D. Gochie, since said Defendant has neither answered nor otherwise appeared in this matter. In the interests of judicial economy, this Court should grant entry of default judgment as to the aforesaid Defendant and schedule a hearing on the assessment of damages to determine the order of priority and related matters.

As grounds therefore, Plaintiff states the following:

**1. Entry of default and default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b), is proper because said Defendant has failed to plead or otherwise defend.**

Pursuant to Fed. R. Civ. P 55(a), it is within the discretion of the trial court to enter default against a Defendant who "has failed to plead or otherwise defend." *See Schmir v. Prudential Ins. Co. of America,* 220 F.R.D. 4 (1st Cir. 2004) and *Dekom v. New York,* 2013 WL 3095010 (June 18, 2013). Furthermore, "if that failure is shown by an Affidavit, the Clerk must enter the party's default." *See Fed.R.Civ.P. 55(a).* Plaintiff's Complaint was filed on November 20, 2019; As of this date, Defendant has neither answered nor otherwise appeared in this matter. *See Affidavit of Noelle Selden attached hereto.* In response to Plaintiff's Motion for Entry of Default dated January 29, 2020, this Court entered default as to Defendant on January 29, 2020.

Plaintiff is now applying for Default Judgment and is hereby requesting a hearing pursuant to Fed. R. Civ. P 55(b)(2) on the assessment of damages to determine the order of priority and

related matters, pursuant to Fed. R. Civ. P 55(b)(2). According to said Rule:

> "the court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, its needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter"

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter default judgment as to Defendant, James D. Gochie, and schedule a hearing on the assessment of damages to determine the order of priority and related matters.

DATED: February 27, 2020

/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

# CERTIFICATE OF SERVICE

       I, Reneau J. Longoria, Esq., hereby certify that on this 27th day of February, 2020, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

James D. Gochie
776 Maplewood Rd.
W. Newfield, ME 04095

James D. Gochie
16 Fox Avenue
Parsonsfield, ME 04047

James D. Gochie
28 Coolidge St.
West Newfield, ME 04095

James D. Gochie
776 Maplewood Road
Newfield, ME 04056